IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Robert William Wazney, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 6:18-2825-HMH-KFM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden of Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Robert William Wazney ("Wazney"), a state prisoner proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge McDonald recommends dismissing the petition without prejudice and without leave to amend because Wazney has not fully exhausted his state court remedies. (R&R 5, ECF No. 16.)

Wazney filed objections to the Report and Recommendation. (Objs., generally, ECF No. 24.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Wazney's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. The court, however, was able to glean two specific objections. Wazney objects (1) to the magistrate judge's finding that Wazney has not exhausted his state court remedies and (2) to the magistrate judge's finding that Wazney cannot cure the deficiencies in his petition by amendment. (Objs. 2-5, 7-8, ECF No. 24.)

First, Wazney submits that the magistrate judge erroneously concluded that Wazney has not exhausted his state court remedies. (Id. 2-5, ECF No. 24.) Wazney further argues that pursuing the available state court remedies is futile and that there is an "absence of state corrective process." (Id. 5, ECF No. 24.) A state prisoner must first exhaust state remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b)(1); Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999). "In order to exhaust his or her claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Uniform Post[-]Conviction Procedure Act," S.C. Code Ann. § 17-27-10, *et seq.* Macon v. Cox, C.A. No. 6:04-1311-HFF, 2005 WL 4572216, at *4 (D.S.C. June 13, 2005) (unpublished), aff'd No. 05-7371, 2006 WL 786839 (4th Cir. Mar. 28, 2006) (unpublished). However, if there is an absence of state corrective process or the state process is ineffective to protect the petitioner's rights, a petitioner need not present his claim to the state courts. 28 U.S.C. § 2254(b)(1)(B).

Wazney alleges that he mailed an application for post-conviction relief ("PCR") to the Sumter County Court of Common Pleas on May 8, 2018, via certified mail, return receipt

requested, which was signed for on May 10, 2018. (Objs. 1, ECF No. 24.) In response, it appears the Sumter County Clerk of Court mailed Wazney a blank PCR application with a handwritten note attached informing him, "We have no PCR application on file for you. You must complete this application and return it to our office." (§ 2254 Pet. Attach. 1 (State Ct. Docs. 5), ECF No. 1-1.) However, Wazney did not follow these instructions. Instead, Wazney then mailed his PCR application to the South Carolina Supreme Court as an original action and to South Carolina Circuit Court Judge R. Ferrell Cothran, Jr. (Objs. 6, ECF No. 24.) The South Carolina Supreme Court dismissed Wazney's application on August 28, 2018, because the matter could be heard in the state trial court. (§ 2254 Pet. Attach. 1 (State Ct. Docs. 24), ECF No. 1-1.) See Key v. Currie, 406 S.E.2d 356, 357 (S.C. 1991) (holding that the South Carolina Supreme Court will not entertain matters in its original jurisdiction, absent an extraordinary reason, when the matter can be entertained in the state trial court).

Additionally, Julie Coleman ("Coleman"), Assistant Attorney General for South Carolina, informed Wazney in an August 2, 2018 letter that he needed to file his PCR application with the Sumter County Clerk of Court in order for the South Carolina Attorney General's office to open a file regarding his PCR application. (§ 2254 Pet. Attach. 1 (State Ct. Docs. 1), ECF No. 1-1.) Wazney attached this letter to his petition in this case. Thus, Wazney plainly received the letter. Wazney did not follow these instructions and did not resubmit his PCR application to the Sumter County Clerk of Court. Thus, Wazney has not exhausted his state court remedies. Moreover, despite Wazney's assertion that South Carolina's PCR procedure is ineffective, the United States Court of Appeals for the Fourth Circuit has held that South Carolina's "state post-conviction procedure provides an effective remedy to [ ] petitioners and is one which should be exhausted

before federal relief can be considered." Patterson v. Leake, 556 F.2d 1168, 1173 (4th Cir. 1977). Accordingly, this objection is without merit.

Second, Wazney argues that he should be granted leave to amend his petition because he is "an indigent, incarcerated, pro se, misconvicted [sic] litigant who is not trained in the law." (Objs. 7, ECF No. 24.) However, Wazney's status as an indigent, pro se litigant does not affect the dispositive fact that the deficiencies in his petition cannot be cured by amendment because he has not exhausted his state court remedies. Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 623 (4th Cir. 2015). Thus, this objection is without merit. Accordingly, the court declines to afford leave to amend.

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein by reference.

It is therefore

**ORDERED** that Wazney's petition, docket number 1, is dismissed without prejudice and without leave to amend. It is further

**ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
December 13, 2018

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.